**FUSAE YAMAMOTO and others simi-larly situated, Plaintiffs,**

**v.**

**John Foster DULLES, Secretary of State of the United States of America, Defendant.**

**Civ. A. No. 1294.**

United States District Court
D. Hawaii.
Sept. 21, 1954.

Fong, Miho, Choy & Chuck, Honolulu, Hawaii, A. L. Wirin & Fred Okrand, Los Angeles, Cal., for plaintiffs.

A. William Barlow, U. S. Atty., Louis B. Blissard, Asst. U. S. Atty., District of Hawaii, Honolulu, Hawaii, for defendant.

WIIG, District Judge.

This is an action brought under 8 United States Code § 903, wherein the plaintiff seeks a judgment declaring her to be a national of the United States. The complaint, filed on December 23, 1952, alleges facts which are typical of the many nationality cases filed in this District. It is alleged that the plaintiff was born in the Territory of Hawaii; that she went to Japan in 1934 and has remained there ever since; that she petitioned the American Consular Service in Japan for a passport prior to March 1950; and that in March 1950 a "Certificate of the Loss of the Nationality of the United States" was issued to her on the ground that she had voted in a Japanese political election in 1946.

However, certain allegations in the complaint make this a unique nationality case. The complaint states, in part, as follows:

"In addition to the Plaintiff, there are a large number of persons of Japanese ancestry, the exact number being unknown to the Plaintiff, who were born American citizens by virtue of their birth in the Territory of Hawaii and within this Judicial district, who were stranded in Japan during the war and shortly after the war, who voted in the Japanese post-war elections, whose voting was not their free and voluntary act but was done as the result of coercion, mistake and confusion, who have attempted to obtain passports to return to the Territory of Hawaii and who have either been refused or have had no determination made as yet as to their Petitions for passports, and who therefore are similarly situated as the Plaintiff.

"The issues of law and of fact are common to the Plaintiff and to said persons, the relief sought against the Defendants in their behalf is the same as sought by the Plaintiff, and they are too numerous to make it practicable to bring them all before this Court."

Plaintiff prays for a judgment declaring her to be a national of the United States and requests similar relief for others similarly situated.

On December 2, 1953, the plaintiff and Noboru Yorita and Sakae Okamoto, applicants, filed a motion for an order joining Noboru Yorita and Sakae Okamoto as parties plaintiff in this action. The motion was made on the ground that there are common questions of law and facts affecting the several rights of the plaintiff and the movants, and that a common relief is sought by them against the defendant.

In support of their motion, plaintiff and movants rely principally on Rules 20, 21 and 23(a) (3), Federal Rules of Civil Procedure, 28 U.S.C.A., and McGrath v. Tadayasu Abo, 9 Cir., 186 F.2d 766. An affidavit of counsel which is attached to the motion recites facts relating to the movants which are very similar to the allegations contained in plaintiff's complaint.

After extended oral arguments and the filing of memoranda on behalf of movants and the defendant, the court took the motion under advisement.

▮ Assuming, though we do not decide, that this is a valid class suit, we have here a "spurious class suit" within Rule 23(a) (3) of the Federal Rules of Civil Procedure. In a "spurious class

suit," the character of the right to be enforced for the class is several and distinct. 3 Moore's Federal Practice (2d ed.) 3442. Here, the alleged class through a sole representative seeks to enforce distinct rights of American nationality accruing to its members by invoking the judicial remedy provided for in Section 903.

Section 903 was repealed by the Immigration and Nationality Act of 1952, effective December 24, 1952. Under the new law the judicial remedy for a person not within the United States is no longer a declaratory judgment action, but a habeas corpus proceeding after exhausting the available administrative remedy. 8 U.S.C.A. § 1503(c).

Thus, after December 24, 1952, the federal district courts did not have jurisdiction to hear declaratory judgment actions by persons not within the United States. Avina v. Brownell, D.C., 112 F.Supp. 15; D'Argento v. Dulles, D.C., 113 F.Supp. 933. In the light of such congressional mandate, additional parties cannot intervene or be joined in a "spurious class suit" arising under Section 903 after its repeal. Such joinder or intervention must occur before the pertinent statute relied on for judicial remedy expires by repeal or otherwise. Inasmuch as this motion for joinder of additional parties plaintiff comes after the repeal date of Section 903, it must be denied.

The case of McGrath v. Tadayasu Abo, supra, held, in effect, that ordinarily an invitation to a spurious class suit may be accepted at any time prior to the rendition of judgment. In that case, however, the joinder of additional parties plaintiff and trial on the merits occurred prior to the repeal of Section 903. It may be true, as stated in movants' memorandum, that after remand of the Abo case to the trial court by the court of appeals, more parties plaintiff were added after December 24, 1952 (footnote 8 of movants' memorandum). However, Section 1503 (a) did not change the statutory remedy of declaratory judgment actions for persons within the United States, and the new parties plaintiff therefore could have filed individual actions after December 24, 1952.

Furthermore, in a "spurious class suit" there is no absolute right to join or intervene. 3 Moore's Federal Practice (2d ed.) 3474. Although joinder or intervention should be liberally allowed in such a suit to accomplish the purpose behind Rule 23(a) (3), courts have discretion to deny joinder or intervention. See Bascom Launder Corp. v. Telecoin Corp., 2 Cir., 204 F.2d 331, 336, certiorari denied 345 U.S. 994, 73 S.Ct. 1133, 97 L.Ed. 1401. The basic aim of Rule 23(a) (3) is to prevent the multiplicity of suits where common questions of law or fact are involved. In the instant case, it appears that the "spurious class suit" was instituted for the purpose of evading the effect of 8 U.S.C.A. § 1503. The complaint was filed on December 23, 1952, the last day Section 903 was alive. Only one member of the alleged class, Fusae Yamamoto, was the named party plaintiff. Under these circumstances, the court may properly deny the joinder of parties plaintiff.

The statutory remedy set forth in Section 1503 for persons *not within the United States* may be harsh. This, however, is a legislative matter and beyond the authority of the courts to remedy by strained construction of the statutes and rules involved.

Movants also urge that under the saving clause of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1101 note, they acquired "status," "condition," or "right in process of acquisition" prior to December 24, 1952, and in this connection rely on Petition of Menasche, D.C.Puerto Rico, 115 F.Supp. 434, affirmed U. S. v. Menasche, 1 Cir., 210 F.2d 809, and In re Jocson, D.C.Hawaii, 117 F.Supp. 528. Not cited, but to the same effect, is Petition of Pringle, D.C.E. D.Va., 122 F.Supp. 90. In those cases,

because of the steps taken by the respective petitioners under the Nationality Act of 1940, they acquired "status," "condition," or "right in process of acquisition" prior to the repeal date, which were secured to them within the meaning of the saving clause of the 1952 act. However, here the remedy afforded movants under Section 903 was the filing of an action seeking judgments declaring them to be nationals of the United States. This remedy was taken away by the Congress in the 1952 act, and a new remedy set forth. 8 U.S.C.A. § 1503(b). It is apparent that Congress had the power to eliminate the old remedy and substitute a new one. See Avina v. Brownell, supra, and D'Argento v. Dulles, supra. Movants' rights have not been taken from them, but they must use the new procedure in order to establish their claims that they are nationals of the United States.

Motion denied.